## (February 16, 1984)

■ PAN AMERICAN WORLD AIRWAYS, INC., Respondent-Appellant, v BANKERS TRUST COMPANY et al., Appellants-Respondents and Third-Party Plaintiffs, et al., Defendant, et al., Third-Party Defendants. — Order, Supreme Court, New York County (Grossman, J.), entered June 24, 1983, denying defendants' motion and plaintiff's cross motion for summary judgment, unanimously modified, on the law, and partial summary judgment granted to plaintiff on the first five checks, and the matter remanded for an assessment of damages, with costs to plaintiff, and otherwise affirmed. Pan American World Airways, Inc. (Pan American), as payee, seeks to recover upon seven checks; each is in the sum of $50,000. These checks were issued by defendant Canadian Worldwide Livestock Forwarders, Ltd. (Canadian) to cover leasing payments owed by Maverick International Co. The checks were dated November 14, 1978, November 21, 1978, December 7, 1978, December 15, 1978, December 22, 1978, December 29, 1978 and January 5, 1979. Each check was drawn on a Canadian bank, The Royal Bank of Canada (Royal Bank). Pan American deposited all the checks in the Tappan branch of defendant Bankers Trust Company of Hudson Valley, N. A., on or about the date of each check. However, a clerk in the Tappan branch did not immediately place the checks for collection. Instead, she held the checks until December 22, 1978. She then forwarded those checks in her possession to defendant Bankers Trust Company in New York City. If proper procedure had been followed the checks would

have been sent directly to The Royal Bank. Bankers Trust Company did not forward the checks to The Royal Bank until January 3, 1979. On or about January 16, 1979, Canadian placed a stop payment on the seven checks payable to Pan American. None of those checks was ever honored by The Royal Bank. There is no dispute that the employment of the clerk in the Tappan branch was eventually terminated because of her gross negligence. Moreover, neither one of the Bankers Trust defendants has come forward with any acceptable explanation for the inordinate delay in forwarding the checks for collection. Upon this record, there is no question that Pan American would have collected on the first five checks if the Bankers Trust defendants had acted seasonably (Uniform Commercial Code, § 4-202). Nonetheless, an issue of fact is presented as to whether the last two checks would have cleared in the normal course of collection had those defendants acted in accordance with their collection duties. That matter must be decided at trial. We remand this matter for an assessment of damages on the first five checks. Concur — Murphy, P. J., Kupferman, Sullivan, Ross and Kassal, JJ.